**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TROY HOLMAN, | : | **Hon. Katharine S. Hayden** |
| Petitioner, | : | Civil No. 04-2641 (KSH) |
| v. | : | |
| TERRY MOORE, et al., | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

> TROY HOLMAN, #616556B
> East Jersey State Prison
> Lock Bag R
> Rahway, New Jersey 07065
> Petitioner pro se

> RAYMOND W. HOFFMAN, Special Deputy Attorney General
> ACTING ESSEX COUNTY PROSECUTOR
> Essex County Courts Building
> Newark, New Jersey 07102
> Attorneys for Respondents

**HAYDEN, District Judge**

Troy Holman filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §
2254(a) challenging a conviction in the Superior Court of New Jersey. Respondents filed an
Answer, with relevant portions of the state court record, arguing that the Petition should be
dismissed on the merits. For the reasons expressed below, the Court dismisses the Petition with
prejudice and declines to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254(a),
(b), (c).

# I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on August 24, 1994, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of felony murder, robbery, conspiracy, and weapons offenses.  At sentencing, Petitioner pleaded guilty to a separate indictment charging possession of a handgun by a previously convicted felon.  The Law Division sentenced Petitioner to an aggregate sentence of life imprisonment plus five years, with a 30-year period of parole ineligibility.  Petitioner appealed, and in an opinion filed November 13, 1998, the Appellate Division of the Superior Court of New Jersey affirmed.  State v. Holman, No. A-0863-94T4 slip op. (App. Div. Nov. 13, 1998).  On February 10, 1999, the Supreme Court of New Jersey denied certification.  State v. Holman, 157 N.J. 71 (1999) (table).

On June 28, 1999, Petitioner filed a petition for post conviction relief in the Law Division.  On January 1, 2002, the Law Division denied post conviction relief, without an evidentiary hearing.  Petitioner appealed.  On December 1, 2003, the Appellate Division affirmed the order denying post conviction relief.  State v. Holman, No. A-3993-01T3 slip op. (App. Div. Dec. 1, 2003).  The Supreme Court of New Jersey denied certification on June 17, 2004.  State v. Holman, 180 N.J. 455 (2004).

The Clerk of the Court received Petitioner's undated § 2254 Petition on June 7, 2004.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents three grounds, which are set forth below verbatim:

2

Ground One:  PETITIONER WAS DENIED HIS
CONSTITUTIONAL RIGHT OF DUE PROCESS OF A FAIR
TRIAL BY THE TRIAL COURT'S REFUSAL TO SEVER
PETITIONER'S TRIAL FROM CO-DEFENDANT FAISON'S
TRIAL, WHERE FAISON HAD BEEN CHARGED WITH
NUMEROUS OTHER SERIOUS OFFENSES NOT RELATED
TO THE INSTANT MATTER.

Ground Two:  PETITIONER WAS DEPRIVED OF HIS
CONSTITUTIONAL RIGHT OF DUE PROCESS OF A FAIR
TRIAL BY REPEATED OUTBURST[S] FROM THE VICTIM'S
FAMILY AND FRIENDS AND BY THE TRIAL JUDGE'S
REFUSAL TO TAKE ANY REMEDIAL ACTIONS TO THEM.

Ground Three:  PETITIONER WAS DENIED HIS
CONSTITUTIONAL RIGHT OF THE EFFECTIVE
ASSISTANCE OF COUNSEL, WHICH THE STATE COURTS
COMPLETELY MISAPPREHENDED IN ITS DECISIONS
DENYING PETITIONER A NEW TRIAL AND/OR AN
EVIDENTIARY HEARING.

(Pet. ¶ 12 & Mem. of Law at 10, 15, 19.)

The State filed an Answer seeking dismissal of the Petition, arguing that, to the extent the

grounds assert federal claims, they do not satisfy the standard for habeas relief.

## II.  STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to

entertain a habeas petition challenging a state conviction or sentence only where the inmate's

custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas
> corpus in behalf of a person in custody pursuant to the judgment of
> a State court only on the ground that he is in custody in violation of
> the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

3

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1] Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim.[2] "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits"[3] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are

---

[3] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

5

materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

### III. DISCUSSION

A. Joinder/Severance

In Ground One, Petitioner contends that the refusal to sever his trial from that of his co-defendant Faison, who was charged with additional unrelated violent charges, violated due process. He maintains that, in addition to the underlying crimes, the State also charged Faison with additional crimes relating to his flight from the police, a high-speed car chase in a stolen car, and a struggle with an officer for the service revolver. Petitioner argues that, given that the primary issue at trial was identity, the jury could have unfairly linked Petitioner to Faison, whose

6

guilt was reinforced by his flight.  In support of his due process claim, Petitioner relies on <u>Zafiro</u> <u>v. United States</u>, 506 U.S. 534 (1993), <u>Virgin Island v. Sanes</u>, 57 F.3d 338 (3d Cir. 1995), <u>United States v. Holloway</u>, 1 F.3d 307, 312 (5th Cir. 1993), and <u>United States v. Serpoosh</u>, 919 F.2d 835 (2nd Cir. 1990).

Petitioner is not entitled to habeas relief on Ground One.  The federal cases on which Petitioner relies were all direct appeals from federal convictions, with the exception of <u>Sanes</u>, which involved an appeal from a conviction in the territorial court.  These cases all involved the question of whether the trial judge had abused his or her discretion in denying severance under the Federal Rules of Criminal Procedure.  Thus, Petitioner's reliance on these cases is misplaced. Moreover, "joinder of offenses has long been recognized as a constitutionally acceptable accommodation of the defendant's right to a fair trial."  <u>Herring v. Meachum</u>, 11 F.3d 374, (2nd Cir. 1993); <u>see also</u> <u>United States v. Lane</u>, 474 U.S. 438, 446 n.8 (1986); <u>United States ex rel. Laws v. Yeager</u>, 448 F.2d 74, 82 (3d Cir. 1971); <u>United States ex rel. Evans v. Follette</u>, 364 F.2d 305 (2nd Cir. 1966).  Petitioner is not entitled to habeas relief on Ground One because the severance issue does not rise to a constitutional claim.

B.  Outbursts

Petitioner claims in Ground Two that the decisions of the New Jersey courts "regarding the flagrant and prejudicial outbursts and other non-verbal conduct of the victim's family throughout the course of the trial were 'contrary to' <u>and</u> involved an 'unreasonable application of' clearly established Federal Law determined by the United States Supreme Court."  (Pet., Mem. of Law at 18.)  Petitioner relies on <u>Booth v. Maryland</u>, 482 U.S. 496, 508 (1987),

overruled by <u>Payne v. Tennessee</u>, 501 U.S. 808 (1991). The State argues that the claim does not rise to the level of a federal constitutional violation.

Petitioner's reliance on <u>Booth</u> is misplaced. The Supreme Court overruled <u>Booth</u> in 1991. Aside from the fact that <u>Booth</u> was overruled, the holding in <u>Booth</u> was limited to capital sentencing. In <u>Booth</u>, the Supreme Court considered whether the Eighth Amendment prohibits a capital sentencing jury from considering prejudicial victim impact statements during the sentencing phase. The Court held that, because "a jury's discretion to impose the death sentence must be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action, <u>Booth</u>, 482 U.S. at 502 (citation and internal quotation marks omitted), evidence regarding the emotional impact of the crimes on the family was irrelevant to a capital sentencing decision and created "a constitutionally unacceptable risk that the jury may impose the death penalty in an arbitrary and capricious manner," <u>id.</u> at 503.

Given that Petitioner was convicted in 1994, three years after the Supreme Court overruled <u>Booth</u>, and that Petitioner cites no other Supreme Court precedent, this Court holds that the New Jersey's adjudication of Ground Two was not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

C.  Ineffective Assistance

In Ground Three, Petitioner claims that his trial counsel was constitutionally ineffective in failing to request a <u>Wade</u> hearing, <u>see</u> <u>United States v. Wade</u>, 388 U.S. 218 (1967), failing subpoena Detective Benjamin Powell, failing to investigate the prior statements of witnesses, failing to move to suppress the red sweatshirt, and failing to provide discovery to the State. The

State argues that the Appellate Division's adjudication of the claim was consistent with

Strickland v. Washington, 466 U.S. 668 (1984), and its progeny.

The right to counsel is the right to the effective assistance of counsel, and counsel can

deprive a defendant of the right by failing to render adequate legal assistance. See Strickland,

466 U.S. at 686. A claim that counsel's assistance was so defective as to require reversal of a

conviction has two components, both of which must be satisfied. Id. at 687. First, the defendant

must "show that counsel's representation fell below an objective standard of reasonableness." Id.

at 687-88. "A convicted defendant making a claim of ineffective assistance must identify the

acts or omissions of counsel that are alleged not to have been the result of reasonable

professional judgment." Id. at 690. The court must then determine whether, in light of all the

circumstances at the time, the identified errors were so serious that they were outside the wide

range of professionally competent assistance. Id. Second, the defendant must show that "there is

a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt

respecting guilt." Id. at 695.

In this case, Petitioner raised his ineffective assistance of counsel claims on post

conviction relief. Superior Court Judge Peter V. Ryan rejected Petitioner's ineffective assistance

claims in a 16-page opinion on the ground that "[c]areful review of the trial transcript and

scrutiny of documents outside the record furnished by the defendant plainly demonstrate that

[counsel's alleged omissions] constitute legally and factually sound strategy decisions." State v.

Holman, Indictment No. 93-11-4025 slip op. at 12 (Law Div. March 1, 2002). Judge Ryan found

that counsel was not constitutionally ineffective in failing to request a Wade hearing because "the

record contains plentiful evidence that the identification was trustworthy and reliable under the

9

circumstances [and] . . . a motion for a pre-trial identification hearing would have been devoid of a factual and/or a legal basis." Id. Judge Ryan determined that defense counsel was not remiss in failing to move to suppress the red sweatshirt because Petitioner's mother signed a consent to search form which resulted in the recovery of the red sweatshirt and because the absence of the marking "Harvard," which an eyewitness testified was on the sweatshirt worn by the killer, was actually beneficial to Petitioner. Id.

Judge Ryan also rejected Petitioner's claim that counsel was ineffective in investigating potential witnesses. Noting that the statements of Leonard, Lachelle, and Davon Johnson were disclosed to the defense and included indisputably inculpatory evidence, Judge Ryan held that the failure to call them as witnesses was not deficient. Finally, Judge Ryan ruled that the failure to call East Orange Police Officer Benjamin Powell was of no import, since he had no personal knowledge and, to the extent that his testimony would have been inconsistent with Wanda Powell's testimony, "[t]he effect of any impeachment by the defense would be offset by cross-examination to rebut the charge of recent fabrication and to generally rehabilitate the witness. Defense counsel's desire to dodge a witness who would summarize the proofs is quite understandable." Judge Ryan concluded:

> The decision-making by defense counsel was manifestly proper and within the ambit of "reasonable professional assistance." The strategy employed was that Troy Holman was the "wrong man." This strategy was logical albeit unsuccessful. To second guess whether a course chosen by a defendant's counsel was the best strategy, or even a good one, was not the role of a reviewing court, so long as the defendant was afforded meaningful representation. State v. Buonadonna, 122 N.J. 22, 39 (1991). Moreover, the trial record contains ample evidence for a jury to have found the defendant guilty of first degree felony murder beyond a reasonable doubt.

Id. at 16.

In the opinion affirming the denial of post conviction relief, the Appellate Division rejected the ineffective assistance of counsel claims without significant discussion.  The Appellate Division emphasized that "the decision at trial as to what testimony to present is clearly a matter of trial strategy which is entrusted to the sound discretion of competent trial counsel."  State v. Holman, No. A-3993-01T3 slip op. at 6 (App. Div. Dec. 1, 2003) (quoting State v. Coruzzi, 189 N.J. Super. 273, 321 (App. Div.), certif. denied, 94 N.J. 531 (1983)).  Also, in response to Petitioner's assertion that he was misidentified by Brian Gaddy in an effort by Mr. Gaddy to exculpate himself, the Appellate Division noted that Petitioner's trial attorney argued that position to the jury, which rejected it.

Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claims because he has not shown that the adjudication of the claims by the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable application of, Strickland and its progeny.

D.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

KATHARINE S. HAYDEN, U.S.D.J.

DATED: JANUARY 18, _____, 2006

12